## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROY ADEY, WALTER ALLEN, MICHAEL )
BAILEY, LARRY BARKLEY, JOSEPH S. )
BUCHMELTER, JEFFREY W. BURRIER , )        **2:06-cv-1421**
RONALD CONWAY, MARK CRANE, TOM )
DICARLANTONIO, KEITH DICHAZI, DENNY )
GALOWNIA, GEORGE GAUGHENBAUGH, )
RUSSELL GRAHAM , MICHAEL )
HAWKINBERRY, RAYMOND HAYNES, )
RICHARD HIRKALA, LARRY KEISTER, )
LARRY KELLER, TERRY KNIGHT, JAMES )
KRANAK, DONALD LONG, ALAN LOWE, )
JAMES MCCARDEL, ROBERT )
MCLAUGHLIN, RONALD MERRINGER, PAUL )
MISCH, ROBERT MURRAY, PATRICK )
NOSKO, MICHAEL PETERSON, FRANK )
PORCO, LARRY POWELL, BRADLEY )
RAVEAUX, FRANKLIN RECKNER, HOMER )
RICHARDSON, JR., THOMAS ROMITTI, )
MATT SATKOWSKI, JOHN SCHERICH, )
BERNARD SMITH, ROGER L. SPARKS, )
JOSEPH SPERLAZZA, BRETT THOMAS, )
LAWRENCE TICE, ERIC L. TURNER, )
GARY WEDGEWOOD, CLYDE WHIPKEY, )
KEITH WHITE, RONALD WHITE, RICHARD )
WILLIAMS and MICHAEL YOUNG, adult )
individuals, )
                     **Plaintiff,** )
          v. )
 )
 )
PENSION BENEFIT GUARANTY )
CORPORATION, a non-profit corporation )
 )
                  **Defendant.** )

## MEMORANDUM ORDER OF COURT

Before the Court for consideration and disposition is DEFENDANT PENSION BENEFIT

GUARANTEE CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO

TRANSFER ACTION (Document No. 5). The parties have thoroughly briefed the issue

(Document Nos. 6, 8, 9, 10) and the matter is ripe for resolution.

The parties agree that venue is not proper in this Court.  The only remaining dispute is whether the case should be dismissed or transferred to the District Court for the District of Columbia, as Defendant requests, or to the District Court for the Northern District of West Virginia, as Plaintiff suggests.

Congress provided several alternative venues in 29 U.S.C. § 1303(f)(2) as follows:

**(f)(2) For purposes of this subsection, the term "appropriate court" means--**

**(A) the United States district court before which proceedings under section 1341 or 1342 of this title are being conducted,**

**(B) if no such proceedings are being conducted, the United States district court for the judicial district in which the plan has its principal office, or**

**(C) the United States District Court for the District of Columbia.**

In the instant case, section 1342 proceedings took place in the Northern District of West Virginia and the statute specifically provides for jurisdiction in the District of Columbia. Thus, venue is proper in either court.

The only other consideration set forth in the statute governing consideration of motions to dismiss or transfer for improper venue, 28 U.S.C. § 1406(a), is whether a transfer would be "in the interest of justice."  The actual statutory text does not require the transferring court to select the "best" venue.  By its terms, the transferring court may, in the interests of justice, transfer the case  to "any district or division in which it could have been brought."  However, this Court will endeavor to determine which forum would best serve the interests of justice.

Courts are instructed to examine all relevant factors, including both public and private interests. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (quoting 15 Wright, Miller & Cooper § 3847). The private interests include (1) the parties' preferences; (2) whether

the claim arose elsewhere; (3) the convenience of the parties; (4) the convenience of witnesses, but only to the extent that witnesses may actually be unavailable for trial in one of the fora; and (5) the location of books and records, but only to the extent that files could not be produced in the alternative forum. *Id.*  The public interests include (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with any applicable state law. *Id.* at 879-80.  The Court of Appeals also noted that a plaintiff's choice of forum "should not be lightly disturbed." *Id.* at 879.

This action arises out of the Weirton Steel Corporation Retirement Plan ("Weirton Plan"). In May 2003, Weirton Steel declared Chapter 11 bankruptcy and the PBGC filed a complaint in the District Court for the Northern District of West Virginia seeking termination of the Weirton Plan.  Plaintiffs allege that in November 2003, a member of the Retirement Committee, without authority, executed an agreement terminating the Weirton Plan.  The instant action seeks to prevent arbitrary changes to Plaintiffs' dates of service and alleges that the November 2003 termination is invalid.  Many of the Plaintiffs reside in or near the Northern District of West Virginia.  Obviously, their employment by Weirton Steel was located in that forum.  Venue in Washington, D.C. would impose travel time and costs on Plaintiffs.  Plaintiff further contends that this is a localized dispute which has no relationship to Washington, D.C.  Defendant emphasizes that it is located in the District of Columbia.  In addition, it points out that the Weirton Plan no longer has its principal office in West Virginia because PBGC has served as statutory trustee and records custodian since the November 2003 termination.  Defendant also

contends that the primary count involves the review of an administrative record rather than witness testimony.  Defendant asserts that the District of Columbia has greater familiarity with this area of law.

On sum, this Court concludes that the interests of justice favor the District Court for the Northern District of West Virginia.  The Court notes that PBGC elected to file its complaint seeking termination of the Weirton Plan in West Virginia.  Moreover, none of the considerations articulated by PBGC is sufficient to overcome the deference owed to Plaintiffs' choice of forum. Accordingly, this 2nd day of February, 2007, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT PENSION BENEFIT GUARANTEE CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER ACTION (Document No. 5) is **GRANTED IN PART AND DENIED IN PART**, in that the Motion to Dismiss is denied and Civil Action No. 06-1421 is hereby transferred to the United States District Court for the Northern District of West Virginia.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:    Robert L. Frey, Jr., Esquire
       Email: rfrey@lynchweis.com

       Christy C. Wiegand, AUSA
       Email: christy.wiegand@usdoj.gov
       Joseph Krettek

Pension Benefit Guaranty Corp.
Email: krettek.joseph@pbgc.gov